```
                    IN THE UNITED STATES DISTRICT COURT

                         FOR THE DISTRICT OF OREGON

JAMES AGGREY-KWEGGYIRR ARUNGA,              Civil No. 09-6175-AA
DOREEN H. LEE AND CONCERNED                 OPINION AND ORDER
POSTERITY,

            Plaintiffs,

       vs.

AMERICAN CIVIL LIBERTIES UNION
FOUNDATION, ET AL.,

            Defendants.
```

AIKEN, Judge:

    Plaintiffs, appearing pro se, filed a complaint against 100 defendants alleging vague allegations of wrongdoing. Several defendants moved to dismiss plaintiffs' complaint in its entirety. In a sue sponte examination of this court's jurisdiction over plaintiffs' claims, the court concludes it does not have subject matter jurisdiction over this matter and therefore dismisses plaintiffs' complaint. See Fed. R. Civ. P.

Page 1 - OPINION AND ORDER

12(b)(1).

## BACKGROUND

Plaintiffs James Aggrey-Kweggyirr Arunga and Doreen H. Lee move against 100 defendants asserting vague wrongdoings. In a complaint over 90 pages long, plaintiffs' allege the following: "Nihilism;" "Racketeering;" "Bivens;" "Porno Finagling;" "Obstruction of Justice;" "Finagling Panjandrum at Law;" "Hired Hate Criminal and Hired Hit Person Obstructing Justice;" "Financial Finagler;" "SPL Hired Corrupt-Finagler Obstructing Justice;" "Concurrent-Consecutive Finagling Tortfeasors;" "SPL Political Finagler Obstructing Justice;" "Racketeering and Extortion Finagler Obstructing Justice;" and "False Business Practices." Plaintiffs also note various random Articles and Sections of the United States Constitution, along with various United States Code provisions. Finally, plaintiffs seem to request of the court, a "Question of Law Or Fact Raised for A Class Action in Reverse." Complaint.[1] Specifically, plaintiffs ask:

> Whether a "State of Ochlocracy" composite a numerous Class of 100-Defendants that represent nationally, organized Perpetrators; Civil (Rights) Violators; and Tortfeasors can be incorporated, established, and admitted as "a New State" into the Union within the jurisdiction, junction and or parts of other States of the Union to:

---

[1] The Complaint's pages are not numbered in order, therefore I am unable to provide a page number citation.

Page 2 - OPINION AND ORDER

>    1. Operate Criminal Businesses.
>    2. Conduct Civil (Rights) Violations; and
>    3. Practice concurrent-consecutive and joint Constitutional Tort(s)
>                 Against [plaintiffs].

## STANDARDS

In federal court, jurisdiction lies only where a plaintiff alleges facts indicating the presence either of a federal question or diversity jurisdiction. Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375 (1994). Federal courts are presumptively without jurisdiction over civil actions and the burden of establishing jurisdiction rests upon the party asserting jurisdiction. Id. at 377.

## DISCUSSION

Plaintiffs' complaint is virtually indecipherable. It is difficult to interpret plaintiffs' broad and conclusory allegations to determine what causes of action plaintiffs allege or the factual basis for those causes of action. Nevertheless, the court speculates that plaintiffs appear to be dissatisfied with plaintiff Doreen H. Lee's employment with the Sacramento, California Public Library, and that plaintiff James Aggrey-Kweggyirr Arunga ("Arunga") appears to be dissatisfied with his housing situation in California.

Plaintiffs fail to sustain their burden to prove subject matter jurisdiction. Plaintiffs fail to allege a federal question. Rivet v. Regions Bank of Louisiana, 522 U.S. 470, 475

Page 3 - OPINION AND ORDER

(1998)(complaint must demonstrate on its face that federal question is presented). Plaintiffs' Complaint contains no facts concerning the alleged violation of civil rights, or any facts showing that their constitutional rights were violated in any way. The mere recitation by plaintiffs of various sections of the United States Constitution and random United States Code citations is insufficient.

Similarly, plaintiffs fail to establish diversity jurisdiction. 28 U.S.C. 1332(c) provides in part:

> The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000 and is between citizens of different States.

Diversity jurisdiction requires complete diversity between the parties. <u>Kohler v. Inter-Tel Technologies</u>, 244 F.3d 1167, 1170 (9th Cir. 2001). Plaintiffs' Complaint fails to allege any facts regarding diversity of citizenship, including evidence of complete diversity of citizenship and an amount in controversy exceeding $75,000. In fact, plaintiffs here appear to be citizens of California, as do most of the named defendants.

Moreover, plaintiffs' Complaint fails to state a claim upon which relief can be granted. <u>See</u> Fed. R. Civ. P. 12(b)(6). Plaintiffs' Complaint actually fails to state any causes of action against any defendant, and fails to present any cognizable legal theory. <u>See</u> <u>Balistreri v. Pacifica Police Dept.</u>, 901 F.2d 696, 699 (9th Cir. 1990).

Page 4 - OPINION AND ORDER

Finally, the court notes that venue is improper.  <u>See</u> Fed. R. Civ. P. 12(b)(3).  This lawsuit was filed in Oregon even though plaintiffs do not allege that any of the 100 defendants reside in Oregon.  Plaintiffs fail to allege that any single event, occurrence, or dealing which form the basis of their cause(s) of action occurred in Oregon.  In fact, there is nothing whatsoever in the Complaint that establishes that any party or event had anything to do with Oregon.  I find no basis, fact or allegation that establishes that the proper venue of this case is in Oregon.  <u>See</u> 28 U.S.C. § 1396.

## CONCLUSION

Upon determining that this court lacks subject matter jurisdiction over this matter, plaintiffs' complaint is dismissed.  This case is dismissed and all pending motions are denied as moot.

IT IS SO ORDERED.

Dated this <u> 8 </u> day of October 2009.

<u>    /s/ Ann Aiken            </u><br>
Ann Aiken<br>
United States District Judge